## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| THQ, Inc., *et al.* | ) | Case No. 12-13398 (MFW) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### OBJECTION AND RESERVATION OF RIGHTS OF YUKE'S CO., LTD. TO POTENTIAL ASSUMPTION AND ASSIGNMENT

Yuke's Co., Ltd. ("Yuke's"), by and through its undersigned counsel, hereby files this objection and reservation of rights with respect to the potential assumption and assignment of certain contracts with THQ, Inc. ("THQ") and respectfully states as follows:

### BACKGROUND

1.      On December 19, 2012 (the "Petition Date"), THQ and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions in this Court under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, (the "Bankruptcy Code").

2.      On the Petition Date, the Debtors filed their Motion for Entry of (I) an Order (A) Authorizing and Approving Bid Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (B) Authorizing and Approving Stalking Horse Protections, (C) Authorizing and Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With the Sale, (D) Scheduling Auction and Sale Approval Hearing, (E) Approving the Form and Manner of the Notice of the Sale Hearing, and (F) Granting Certain Related Relief, and (II) an Order (A) Approving the Sale of Substantially All of the Debtors Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale, and (C) Granting Certain Related

Relief [D.I. 19] (the "<u>Bidding Procedures Motion</u>").

3.      By order dated January 11, 2013, this Court entered an order approving the

Bidding Procedures Motion [D.I. 142] (as corrected [D.I. 152], the "<u>Bidding Procedures</u>

<u>Order</u>").[1]

4.      Pursuant to the Bidding Procedures Order, on January 14, 2013, the Debtors filed

with the Bankruptcy Court a Notice of Filing of Contract Notice [D.I. 155], and, upon

information and belief, served on each nondebtor party to an executory contract (a "<u>Contract</u>") or

unexpired lease with the Debtors a Notice of (I) Entry into Stalking Horse Agreement and (II)

Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in

Connection with the Sale of the Debtors' Assets an Assumed Contract, an Assignment Notice

(the "<u>Cure Notice</u>").  For each Contract set forth on the Cure Notice, the Debtors have set forth

what they assert to be the unpaid monetary obligations thereunder, if any (the "<u>Cure Amounts</u>").

5.      On January 15, 2014, the Debtors filed with the Bankruptcy Court a Notice of

Filing of Supplement to Potential Assignment Schedule [D.I. 167].

## OBJECTION AND RESERVATION OF RIGHTS

6.      Yuke's is a video game developer that historically provided development services

to the Debtors for several game titles.  Upon information and belief, Yuke's and the Debtors are

parties to the following agreements, both of which are scheduled in the Cure Notice:

(a)      Master Developer Agreement, dated as of July 2, 2011, by and between
THQ and Yuke's (together with the addenda thereto, the "<u>2011 Agreement</u>"); and

(b)      Master Developer Agreement, dated as of December 1, 2007, by and
between THQ and Yuke's (together with the addenda thereto, the "<u>2007 Agreement</u>," and
together with the 2011 Agreement, the "<u>Master Developer Agreements</u>").

---

[1]      Capitalized terms used herein without definition shall have the meanings assigned to them in the Bidding
Procedures Order.

7.      The 2007 Agreement was substantially superseded by the 2011 Agreement. Although there may be residual obligations remaining under the 2007 Agreement, Yuke's no longer provides development services to THQ thereunder.[2]

8.      The Cure Notice also lists a THQ Inc. Consulting Agreement, dated October 17, 2012 (the "Consulting Agreement"), between THQ and Yukes.  Yuke's objects to any proposed assumption and assignment of the Consulting Agreement, as it was terminated prior to the Petition Date and, therefore, is no longer executory and cannot be assumed.  See, e.g., Moody v. Amoco Oil Co., 734 F.2d 1200 (7th Cir. 1984), cert denied 469 U.S. 982 (1984).

9.      Finally, the Cure Notice lists Yuke's as a counterparty to Contracts to which Yukes, according to its records, is not a party.  Yuke's requests clarification from the Debtors and reserves all rights with respect to the following scheduled agreements (the "Other Agreements"):

      (a) Master Manufacturing and Distribution Agreement;

      (b) Schedule 2 to Master Manufacturing and Distribution Agreement (UFC 2010);

      (c) International Distribution Agreement (Master);

      (d) Schedule 1 to International Distribution Agreement (SvR 2011).

10.     Yuke's does not object in principle to the assumption and assignment of the Master Developer Agreements in connection with the proposed sale or sales of the Debtors' assets.  However, pursuant to Section 365(b)(1) and 365(f)(2) of the Bankruptcy Code, if the Debtors propose to assume or assume and assign the Master Developer Agreements, they must first pay (or cause to be paid) to Yuke's the total pre- and post-petition amounts owed to Yuke's

---

[2]     The Master Developer Agreements contain proprietary information, and the 2011 Agreement is confidential by its terms.  Yuke's will make copies available to this Court if requested, and to other parties upon entry into a satisfactory confidentiality agreement.

thereunder.  Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor-in-possession] — (A) cures, or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure, such default . . .

Furthermore, "[t]he trustee may assign an executory contract or unexpired lease of the debtor only if  . . . the trustee assumes such contract or lease in accordance with the provisions of this section . . ." 11 U.S.C. § 365(f)(2)(A).

11.    The Cure Notice lists cure amounts due and owing to Yuke's under the Master Developer Agreements and the Other Agreements in the total amount of $15,637.  As of the Petition Date, and as further set forth on Exhibit A hereto, the Debtors were indebted to Yuke's under the Master Developer Agreements in a total amount not less than $15,270,789.00 (the "Cure Amount").[3]  Yuke's has continued to provide services to the Debtors since the Petition Date, and has accrued additional amounts.

12.    Accordingly, Yuke's hereby objects to the proposed cure amounts set forth in the Cure Notice with respect to the Master Developer Agreements, and reserves all of its rights with respect thereto.

13.    As of the date hereof, upon information and belief, neither the Master Developer Agreements nor any other agreement between Yuke's and the Debtors is contemplated to be assumed and assigned in connection with a sale to the Stalking Horse Bidder, and no other proposed assignee has been identified to Yuke's.  However, the schedules to the Stalking Horse

---

[3]    The Debtors have not yet filed their schedules and statements of financial affairs.  However, the Debtors' consolidated list of its 40 largest unsecured creditors, attached to the Chapter 11 petition of THQ [D.I. 1] sets forth Yuke's non-contingent, undisputed claim as $17,771,188, a portion of which may reflect other accrued and unpaid consideration under the Master Developer Agreements.  Yuke's reserves the right to revise the Cure Amount upon further review of its records and inquiry to the Debtors.

Agreement were not filed with this Court (and in any event are subject to change), and it is unknown what rights or interests of Yuke's, if any, the Debtors intend to assign or transfer in connection with the pending sale or sales. Yuke's objects to the extent that any of its rights or interests under the Master Developer Agreements or any other agreements are being assigned or otherwise transferred without adequate notice. Furthermore, pursuant to Section 365(f)(2)(B) of the Bankruptcy Code, Yuke's is entitled to a showing of adequate assurance of future performance by the proposed assignee of the Master Developer Agreements, if any, or any other agreement between Yuke's and the Debtors (to the extent assignable). Yuke's reserves all of its rights to supplement this objection, including, if appropriate, at the hearing on the proposed sale. Furthermore, Yuke's reserves all of its rights under Bankruptcy Code Sections 365(c)(1) and 365(f)(2), to the extent contemplated under applicable law.

*[Remainder of page intentionally left blank.]*

Dated:  Wilmington, DE
        January 18, 2013

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Colm F. Connolly*
     Colm F. Connolly (#3151)
     Jody C. Barillare (#5107)
     The Nemours Building
     1007 North Orange Street, Suite 501
     Wilmington, DE  19801
     Telephone: (302) 574-3000
     Facsimile: (302) 574-3001
     E-mail: cconnolly@morganlewis.com
            jbarillare@morganlewis.com

     Rachel Jaffe Mauceri (admitted *pro hac vice*)
     Morgan, Lewis & Bockius LLP
     1701 Market Street
     Philadelphia, PA  19103-2921
     Telephone: (215) 963-5000
     Facsimile: (215) 963-5001
     E-mail: rmauceri@morganlewis.com

     *Attorneys for Yuke's Co., Ltd.*