## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:                                          :    Chapter 11
                                                :
THQ INC., *et al.*,                             :    Case No. 12-13398 (MFW)
                                                :
Debtors.[1]                                     :    Jointly Administered
                                                :
                                                :    Re: Docket Nos.784, 799, 894, 1057. and 1059

-------------------------------------------------------------x

### *CORRECTED* ORDER ESTIMATING THE CLAIMS FILED BY CHRISTOPHER ESCOBEDO FOR ALL PURPOSES AND ESTABLISHING DISPUTED INTERIM DISTRIBUTIONS RESERVE WITH RESPECT THERETO

Upon consideration of the motion (the "Motion")[2] of THQ Inc. ("THQI") and its

above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the

"Debtors"), and related supplement (the "Supplement"), for entry of an order, pursuant to

sections 502(b), 502(c), and 1142(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Bankruptcy Rule 3018, and the Plan, temporarily allowing Claim No. 511 (the

"Unsecured Claim") and Claim No. 703 (the "Administrative Claim" and together with the

Unsecured Claim, "Escobedo's Alleged Claims") filed by Christopher Escobedo ("Escobedo") at

$0 for all purposes, including (a) accepting or rejecting the Plan, and (b) for calculating the

amount to be deposited into the Disputed Interim Distributions Reserve; and upon the Condit

Declaration and the Wunderlich Declaration; and it appearing that this Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware dated as of February

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  THQ Inc. (1686); THQ Digital Studios Phoenix, Inc. (1056); THQ Wireless Inc. (7991); Volition, Inc. (4944); and Vigil Games, Inc. (8651).  The Debtors' principal offices are located at 29903 Agoura Road, Agoura Hills, CA 91301.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

29, 2012; and this Court having found that the relief requested in the Motion and the Supplement

is in the best interests of the Debtors, their estates, their creditors, and other parties in interest;

and this Court having found that the Debtors have provided proper and adequate notice of the

Motion, the Supplement, and the relief requested therein, and that, except as otherwise ordered

herein, no other or further notice is necessary; and this Court having reviewed the Motion, the

Supplement, Escobedo's Alleged Claims, and any responses to the Motion and Supplement; and

this Court having determined that the legal and factual bases set forth in the Motion and

Supplement establish just cause for the relief granted herein; and any objections to the relief

requested in the Motion and Supplement having been overruled on the merits or otherwise

resolved; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.    The Motion, as modified by the Supplement, is GRANTED to the extent

set forth herein.

1.    Pursuant to sections 502(b), 502(c), and 1142(b) of the Bankruptcy Code,

Bankruptcy Rule 3018, and the Plan, the Unsecured Claim is estimated at $22,500 and the

Administrative Claim is estimated at $0 for all purposes, including (a) accepting or rejecting the

Plan, and (b) for calculating the amount to be deposited into the Disputed Interim Distributions

Reserve.

2.    The Debtors and Kurtzman Carson Consultants, LLC, the Debtors' court-

appointed claims and noticing agent, are each authorized and empowered to take all steps

necessary and appropriate to carry out and otherwise effectuate the terms, conditions and

provisions of this Order.

01:14005642.2

3.    This Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated:  Wilmington, Delaware
        Aug    19, 2013

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

01:14005642.2

3